ORIGINAL

# In the United States Court of Federal Claims

No. 16-139C

(Filed: June 23, 2016)

(Unpublished)

**************************************
*
JACQUELINE SMYLIE HERBST,         *
*
         Plaintiff,         *
*
v.         *
*
THE UNITED STATES,         *
*
         Defendant.         *
*
**************************************

FILED

JUN 2 3 2016

U.S. COURT OF
FEDERAL CLAIMS

## ORDER ON MOTION TO DISMISS

WHEELER, Judge.

Plaintiff Jacqueline Smylie Herbst brings this action for correction of her service record as a nurse with the Commissioned Corps of the U.S. Public Health Service ("USPHS") and for commensurate back pay, service credit, and benefits. For the reasons explained below, the Court grants Defendant's motion to dismiss for lack of subject matter jurisdiction due to Ms. Herbst's failure to comply with the Court's six-year statute of limitations.

### Background

Ms. Herbst began active duty in the USPHS in 1986 and transferred to the Army Nurse Corps in 1989. She then returned to the USPHS in 1997 and served there until she was involuntarily separated from service at the end of 1999. To contest her separation, Ms. Herbst submitted an application for reinstatement to the Board for Correction of Public Health Service Commissioned Corps Records ("BFC") in November 2000, and in November 2001, the BFC recommended her reinstatement. Compl. Attach. 10 at 63, 104-126. At the request of the Director of the Program Support Center, who was the deciding official after BFC recommendations, the BFC investigated the case further and again

recommended reinstatement. Id. at 129, 178-181.   However, the Director of the Program Support Center ultimately disagreed with the BFC's recommendations and in July 2002, denied Ms. Herbst's application for reinstatement. Id. at 182-184.  In September, 2002, Ms. Herbst requested reconsideration by the Assistant Secretary of Health, U.S. Department of Health & Human Services, which was denied in December 2002.  Compl. Attach. 9 at 20-23.

In December 2014, Ms. Herbst renewed her efforts to reverse her termination by filing an unsuccessful action with the Merit System Protection Board ("MSPB").[1]   Ms. Herbst then filed the present action with this Court in January 2016.  Defendant has filed a motion to dismiss due to lack of subject matter jurisdiction.

## Standard of Review

The Court must first determine whether a plaintiff has established subject matter jurisdiction before proceeding to review the merits of the complaint.  Fisher v. United States, 402 F.3d 1167 (Fed. Cir. 2005).  The jurisdiction of this Court is limited and extends only as far as prescribed by statute. Id. at 1172.  It is the plaintiff's burden to show by a preponderance of the evidence that his or her case fits within the jurisdictional bounds of this Court.  Reynolds v. Army and Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

## Discussion

The general statute of limitations applicable to this Court is found in 28 U.S.C. § 2501, which bars claims filed later than six years after the claim first accrues.  This statute of limitations may not be waived by the parties or the Court.  John R. Sand & Gravel Co. v. United States, 552 U.S. 130 (2008); Martinez v. United States, 333 F.3d 1295, 1316 (Fed. Cir. 2003) (en banc).  In claims such as Plaintiff's for back pay under the Military Pay Act, 37 U.S.C. § 204, the claim accrues on "the date on which the service member was denied the pay to which he claims an entitlement."  Martinez, 333 F.3d at 1314.

Ms. Herbst's commission in the USPHS was terminated on December 31, 1999.  The final decision in her appeals before the BFC and then up to the Assistant Secretary of Health for the Department of Health & Human Services was entered in December 2002.  It is clear that Ms. Herbst's claim is substantially outside the six-year statute of limitations governing this Court's jurisdiction.

---

[1] The Merit System Protection Board dismissed Plaintiff's action due to lack of jurisdiction over personnel in the uniformed services.  Herbst, Jacqueline S. v. Dept. of HHS, 2015 WL 1015505, DE-3443-15-0138-l-1 (March 4, 2015).  This MSPB ruling would not revive a claim barred by the statute of limitations.

Although Ms. Herbst presented an arguably sympathetic case for unjust treatment during her time with the USPHS, this Court has no choice but to dismiss her claim as barred by the statute of limitations. Defendant's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Court is hereby GRANTED.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge